The counsel for the defendant then moved the court to instruct the jury that, upon the evidence, the plaintiff had no right to recover any money for the books and stationery thus sold by the defendant, unless they were the property of Richards at the date of the first mortgage.

Mr. Swann and Mr. Taney, for defendant, cited 3 Bac. Abr. (Gwillim's Ed.) 307, note from Cowp. 434; Ryall v. Rolle, 1 Wils. 261; 1 Bac. Abr. 467; Yelverton v. Yelverton, Cro. Eliz. 402.

Mr. Jones and Mr. Key, for plaintiff, cited Hooe v. U. S., 1 Cranch [5 U. S.] 318; Com. Dig. tit. "Grant," C, p. 295; Pow. Cont. 156; Shep. Touch. 241.

But see 2 Eq. Cas. Abr. 479, 480. and Bucknal v. Roiston, Prec. Ch. 285.

---

WAGNER (WOODHULL v.). See Case No. 17,975.

---

## Case No. 17,041.

In re WAHL.

[15 Blatchf. 334.] [1]

Circuit Court, S. D. New York. Oct. 30, 1878.

EXTRADITION PROCEEDINGS—COMMISSIONER'S POWERS.

Where a commissioner has jurisdiction of extradition proceedings, and has before him legal and competent evidence as to the criminality of the accused, he is made the judge of the weight and effect of the evidence, and this court has no power to review his action.

[Cited in Re Fowler, 4 Fed. 317.]

[Application of Michael Wahl for a writ of habeas corpus.]

Salomon & Burke, for German government.
Abram J. Dittenhoefer, for accused.

BLATCHFORD, Circuit Judge. The commissioner in this case had jurisdiction of the extradition proceedings. He had before him legal and competent evidence as to the question whether the signature to the power of attorney was forged. If such signature was forged, the act was forgery, within the treaty. The commissioner also had before him legal and competent evidence as to whether such forgery was committed by the accused. The commissioner is made the judge of the weight and effect of the evidence, on those points. This court has no power to review his action in exercising such judgment on such legal and competent evidence. The commissioner might very properly have decided that he was satisfied that the signature to the power of attorney was forged, and forged by the accused, and have disbelieved the story of the accused that the signature was genuine, on the ground that he was not worthy of credit, because on his direct-examination he represented the paper used as a power of attorney which had been signed in blank by Levi, and stated that powers of attorney, of which this was one, were left in his custody, signed and executed by Levi in blank, to be used as required during his absence, while, on his cross-examination, he stated that the paper was not partly printed, but was a blank sheet of paper with the name of Levi written at the bottom, thus showing that it was no power of attorney, as signed by Levi. The commissioner might well have discredited all the testimony of the accused on this subject, and probably did. At all events he had before him evidence on the weight of which it was his province to pass, and it must be presumed that he did pass on it, and that he did find that the signature was a forgery and forged by the accused. Under the decisions of this court, in Re Stupp [Case No. 13,563], and in Re Vandervelpen [Id. 16,844], this court cannot review the judgment of the commissioner in this case holding the accused for extradition, and the writs must be discharged, and the accused be remanded to custody under the commitment under which he was held.